FILED
JAN 13 2014
JAN 1 3 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIBU MEDIA, LLC

    Plaintiff,

vs.

John Doe subscriber assigned to IP
Address 24.14.128.128,

    Defendants.

_____/

Civil Action No. 1:13-cv-08335

Honorable Thomas M. Durkin

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

    I received a letter from my ISP regarding a subpoena, which included a copy of the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

    From accounts of previous defendants of Malibu Media, LLC, these subpoena notifications are typically followed by demand letters. These letters -- which demand thousands of dollars to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

The letter from my ISP (Comcast) indicates that the action involves the upload and/or download of copyrighted content without permission. Internet searches of "Malibu

---

[1] Google search: "Malibu Media Letter"
[2] Google search: "Malibu Media phone calls"

Media lawsuit" revealed that the company has filed over 1,100 lawsuits in Illinois in the 2013 calendar year. These cases are all very similar in nature and accuse the defendant of downloading copyrighted material via BitTorrent, a peer-to-peer file sharing technology. It appears that Malibu Media's primary motive in filing these lawsuits is not to take them to trial, but to force the ISP to turn over the subscriber's personal information then use that information to send threatening letters or make harassing phone calls to coerce the subscriber into paying a fee to make the matter go away.

Upon receipt of this information from Comcast, I performed a search of all of the computers in my household looking for any type of peer-to-peer file sharing programs or media content of the type produced by Malibu Media. This search was done before discussing the allegations with anyone in my family. I found no evidence of any peer-to-peer file sharing programs nor any content of the type produced by Malibu Media on any of the computers. After discussing the allegations with my family, they confirmed that they had never used BitTorrent software to download files, and in fact they were not even familiar with the term "bittorrent".

## ARGUMENT

**1) Plaintiff Has No Way to Prove that the Defendant Was Responsible for Uploading or Downloading the Copyrighted media.**

The defendant runs both a wired network and a wireless network in the residence serviced by the Comcast Internet connection in question. The wireless network is implemented using a Linksys E2500 Wireless router. The primary wireless network is secured using the WPA2 protocol and uses a randomly generated 63 character passphrase. The Linksys E2500

router is a newer router model that comes with a feature that allows "guests" to access the wireless network to use the Internet connection without giving them the ability to connect to any of the computers or devices on the internal network. This "guest access" has unrestricted access to the Internet and uses a separate passphrase that is required to connect to the network. After receiving the subpoena notice from Comcast the defendant inspected the Guest Access settings for the wireless router and determined that the Guest Access feature was enabled, the Guest Password was set to "password", and the SSID Broadcast was set to "Enabled". These settings would have made it simple for other persons living within the general vicinity of the defendant's residence to guess the passphrase and use the defendant's network to connect to the Internet without the defendant knowing. The defendant has since disabled the Guest Access feature on the wireless router, but he has no way of knowing if or how much it was used by devices outside of his household.

  At any given time there is a single Public IP Address that is assigned by Comcast to the defendant's Internet connection, and that Public IP address is used by all devices connected to the defendant's network to communicate on the Internet, including any device connected via the "guest access" feature of the wireless router. When a computer connected to the defendant's network communicates with any device outside of the network, the Public IP address is the only piece of identifiable information in that network communication. As the Public IP address is the only piece of identifying information presented by the plaintiff as support for this subpoena, it is not possible to determine exactly which computing device would have been participating in the peer-to-peer file sharing, or if that device even resided within the defendant's household.

  With no real evidence of wrongdoing and no way to prove that the defendant was

responsible for accessing the copyrighted material, the defendant requests that the Court quash this subpoena and not force Comcast to provide the subscriber's identifying information to the Plaintiff.

Dated: 1/13/2013                                    Respectfully submitted,

                                                    John Doe subscriber assigned to
                                                    IP Address 24.14.128.128
                                                    Email: johndoe2414128128@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2013, I served a copy of the foregoing document, via US Mail and electronically via email, on:

    Mary K. Schulz, Esq.
    Schulz Law, P.C.
    114 E. State Street, Suite A260
    Geneva, IL 60134
    mkschulz@schulz-law.com
    schulzlaw@me.com